IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL RAFAEL FIGUEROA BERRIOS
MARIA A. TORRES-GONZALEZ, and the
conjugal partnership constituted between
them;
RAFAEL FIGUEROA-TORRES
MARILYN MARTINEZ-MEDINA, and the
conjugal partnership constituted between
them,
h/n/c COLORAMA RYM AND CENTRO
DEL HOJALATERO;
COLORAMA PAINTS &
EQUIPMENT,INC.
Plaintiffs

vs                                                              CIVIL 05-1317CCC

BASF CORPORATION
MIGUEL HERNANDEZ
JOSE NAZARIO
FULANO DE TAL
XYZ CORPORATION
Defendants

# O R D E R

This is an action under the Puerto Rico Dealer's Act, Act No. 75 of 1964 (10 L.P.R.A. §§278-279e), and Article 1802 of the Puerto Rico Civil Code (31 L.P.R.A. §5141), which was originally filed in the courts of the Commonwealth on February 23, 2005 but removed to this Court on March 21, 2005 (docket entry 1). Before the Court now is the Motion to Remand filed by plaintiffs on September 30, 2005 (**docket entry 13**), defendants' opposition filed on April 10, 2006 (**docket entry 21**), and plaintiffs' reply to the opposition filed on May 19, 2006 (**docket entry 25**).[1]

---

[1] While this reply brief was filed without first obtaining leave from the Court as required by Local Rule of Procedure 7.1(c), the Court has considered it. Plaintiffs, however, are strongly admonished that in future instances they shall comply with the requirements of Local Rule 7.1(c) or risk the imposition of sanctions.

CIVIL 05-1317CCC                                                            2

In their complaint, plaintiffs allege to be owners of a business that sells paints and derivatives used in auto repairs, and aver being distributors of products manufactured by defendant BASF Corporation (BASF), having entered into a formal distribution agreement with said defendant in 1991. They further contend that since 2003, BASF has failed to comply with its obligations under the distribution agreement, severely affecting the credibility and stability of their business. As a result, plaintiffs have brought claims against BASF under Act 75 and Article 1802, as well as against two of BASF's employees, Miguel Hernández (Hernández) and José Nazario (Nazario), for their alleged unlawful interference with the distribution agreement and a general tort under Article 1802.

Defendants removed the action to this Court based on the diversity of citizenship between the parties (docket entry 1). Although all plaintiffs are citizens of Puerto Rico, and so are defendants Hernández and Nazario, defendants averred that the latter were fraudulently joined to this action in order to deprive BASF of its right to remove it to this Court, requiring that their citizenship be disregarded in our determination of whether there is complete diversity between the parties.

Plaintiffs have asked that the action be remanded to the Commonwealth court for lack of subject matter jurisdiction, adducing that they have stated valid claims against defendants Hernández and Nazario in their complaint and, as a result, there is no diversity jurisdiction (docket entry 13). Defendants, in their opposition to the requested remand (docket entry 21), insist that the complaint fails to state viable claims against the two non-diverse defendants. In support of their contention, defendants allege that the complaint lacks specific allegations as to how Hernández and Nazario "tortiously interfered" with plaintiffs' contractual relationship with BASF, and also fails to aver that these two defendants, who were employees of co-defendant BASF, were acting outside the scope of their employment in order to be held personally liable.

The doctrine of fraudulent joinder is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction. <u>Briarpatch Limited, L.P. v. Phoenix Pictures, Inc.</u>, 373 F3d 296, 302 (2nd Cir. 2004). When a plaintiff names a non-diverse defendant solely in

CIVIL 05-1317CCC                                              3

order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a "fraudulent joinder," and a federal court may appropriately assert its removal diversity jurisdiction over the case. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir.2003).  The defendant bears the heavy burden of proving this circumstance by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff. Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir.1998).  "[T]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999).

   In this case, defendants do not allege that plaintiffs have fraudulently pled facts; instead, they claim that there is no possibility that plaintiffs could maintain a cause of action against Hernández and Nazario, the non-diverse defendants.  As to this prong, the test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or nondiverse] defendant." Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir.2004).  In conducting this inquiry, the court must refer to the allegations in the plaintiffs' state court pleadings to determine if removal is proper. Pullman Co. v. Jenkins, 1939, 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334, 338. "[T]here need be only a slight possibility of a right to relief" to defeat a claim of fraudulent joinder.  Hartley, 187 F.3d at 426.

   In the case before us, a careful review of the complaint leads us to conclude that defendants have failed to carry their heavy burden.  While they claim that plaintiffs' complaint lacks specific allegations on how the non-diverse defendants interfered with plaintiffs/BASF contract, this by itself

CIVIL 05-1317CCC                                          4

would not be sufficient to dismiss the claims against them. Cf. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-14 (2002) (expressing that Fed.R.Civ.P. 8(a)(2)'s "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.... If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.") The relevant allegations against the non-diverse defendants state:

> 39. Through their conduct and actions the defendants, Mike Hernández and José Nazario have interfered in an illegal and culpable manner in the contractual distribution relationship established between BASF and the Plaintiffs with the illicit end of compelling BASF to cancel said contract without justifiable cause.
>
> 40. The illegal conduct and action of these two persons constitutes unlawful interference with established negotiations and contractual relations and they intend to appropriate in an illicit manner the Plaintiffs' fruits, efforts and labor.
>
> 41. The culpable and illegal actions of Mike Hernández and José Nazario have injured the Plaintiffs inasmuch as they induced BASF to deteriorate and/or unilaterally cancel the distribution contract that the Plaintiffs have had for years.

While it is true that the complaint never specifies the "conduct" and "actions" of Hernández and Nazario, it gives defendants fair notice that illegal acts committed by these two defendants interfered with plaintiffs' contractual relationship with BASF resulting in its termination and causing them harm. If defendants wanted more particular details about those acts, they could have asked for them under Fed.R.Civ.P. 12 before answering the complaint.

Defendants also claim that Hernández and Nazario, who were employees of BASF, are immune from personal liability on the tort claims filed against them unless their alleged tortious actions exceeded the scope of their employment and did not benefit BASF. Defendants contend that since plaintiffs neglected to allege that this was the situation of Hernández and Nazario, they have failed to state a viable claim against them. Whether plaintiffs failed to so allege is not so definitive, as there are allegations in the complaint, such as that Hernández and Nazario's "illegal actions . . . induced BASF to deteriorate and/or unilaterally cancel the distribution contract" (¶41) that may be read as imputing them acting beyond the scope of their authority, while others, like that they

CIVIL 05-1317CCC                                        5

intended "to appropriate in an illicit manner the Plaintiffs' fruits, efforts and labor" (¶40), suggest that they acted for their own benefit. In any event, whether they acted beyond the scope or for their benefit is not a pleading requirement, but an evidentiary matter. See generally Rivera v. Maldonado, 72 D.P.R. 479 (1951); Vigio v. Cartagena, 71 D.P.R. 710 (1950); Burgos v. Sobrinos de Villamil, 41 D.P.R. 84 (1930). Plaintiffs, thus, are not required to so allege in the complaint in order to state a valid tort claim against the non-diverse defendants under Article 1802.

We are not required to predict how the Commonwealth court would resolve the legal issues and weigh the factual evidence in this case. Suffice to say that even if plaintiffs' claims against defendants Hernández and Nazario under Article 1802 do not succeed ultimately, ultimate success is not required to defeat removal, but only a slight possibility of a right to relief. Hartley, supra. Since plaintiffs have been able to show such a slight possibility here, we conclude that the joinder of non-diverse defendants Hernández and Nazario to this action was not fraudulent. Accordingly, given that they are citizens of Puerto Rico as are the plaintiffs, and that we may not disregard their citizenship under the "fraudulent joinder" doctrine, we lack subject matter jurisdiction under 28 U.S.C. §1332(a)(1) to entertain this action as defendants had asserted. Accordingly, the Motion to Remand filed by plaintiffs on September 30, 2005 (**docket entry 13**) is GRANTED. A Judgment and Remand Order shall be entered separately REMANDING this action to the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part.

SO ORDERED.

At San Juan, Puerto Rico, on August 18, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge