## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ANGEL RAFAEL FIGUEROA BERRIOS
MARIA A. TORRES-GONZALEZ, and the
conjugal partnership constituted between
them;
RAFAEL FIGUEROA-TORRES
MARILYN MARTINEZ-MEDINA, and the
conjugal partnership constituted between
them,
h/n/c COLORAMA RYM AND CENTRO
DEL HOJALATERO;
COLORAMA PAINTS &
EQUIPMENT,INC.

Plaintiffs

vs                                            CIVIL 05-1317CCC

BASF CORPORATION
MIGUEL HERNANDEZ
JOSE NAZARIO
FULANO DE TAL
XYZ CORPORATION

Defendants

# O R D E R

This action is before us on plaintiffs' Motion Requesting Costs, Expenses and Attorney

Fees filed August 30, 2006 (**docket entry 33**) and the supporting time sheet filed October

17, 2006 (**docket entry 43**).  Defendant BASF Corporation (BASF) opposed the Motion for

Attorney's Fees (**docket entry 44**) and objected to the time claimed on the time sheet.

> Absent unusual circumstances, courts may award attorney's fees
> under 28 U.S.C.§1447(c)[1] only where the removing party lacked
> an objective basis for seeking removal. Conversely, when an
> objectively reasonable basis exists, fees should be denied. . . . The
> appropriate test for awarding fees under§1447((c) should
> recognize the desire to deter removals sought for the purpose of
> prolonging litigation and imposing costs on the opposing party,

---

[1]28 U.S.C.§1447(c) states, in pertinent part: "An order remanding the case may require
payment of just costs and any actual expenses, including attorney fees, incurred as a result of the
removal."

CIVIL 05-1317CCC                              2

> while not undermining Congress' basic decision to afford
> defendants a right to remove as a general matter, when the
> statutory criteria are satisfied.

Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005).

Inasmuch as the allegations raised against the non-diverse defendants "lack specific allegations on how the non-diverse parties interfered with plaintiffs/ BASF contract,"[2] we find that BASF's inference that the individuals had been added to destroy diversity was not a frivolous belief.  Therefore, we conclude that BASF had an objectively reasonable basis for seeking removal notwithstanding the joinder of the non diverse defendants.

Accordingly, plaintiffs' request for costs and attorney's fees is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on May 23, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge

---

[2] Opinion and order, p.3 (docket entry 30)